Copy to Pltf
U.S. DISTRICT COURT
WESTERN DISTRICT
OF LOUISIANA
FILED

AUG 2 4 10 PM '02

ROBERT H. SHEMWELL
CLERK
BY
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

RICHARD H. YOUNG and
MELVIE GOLSBY

       Plaintiffs

VERSUS

OUACHITA PARISH SCHOOL BOARD,
DR. BOB WEBBER, Superintendent,
and JACK WHITE, SCOTT ROBINSON,
A. R. SIMS, JERRY R. HICKS, JOHN
RUSSELL, CAREY WALKER and GREG
MANLEY, in their official capacities as
Superintendent and members of the
OUACHITA PARISH SCHOOL BOARD,
respectively; CHRISTA MEDARIES, in
her capacity as OUACHITA PARISH
REGISTRAR OF VOTERS

       Defendants

3:02CV1644

JUDGE JAMES

MAGISTRATE JUDGE KIRK

**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

### I. The Nature of the Case

1.    This is an action for declaratory and injunctive relief to enforce the provisions of the Fourteenth and Fifteenth Amendments to the Constitution of the United States and §2 of the Voting Rights Act of 1965, 42 U. S. C. §1973, and to prevent deprivation of the rights, privileges and immunities secured by the aforementioned federal constitutional provisions and statute.

### II. Jurisdiction

2.    The jurisdiction of this Court is invoked under Title 28 of the United States Code, §§1331, 1343(3), 1343(4) and 2201; this complaint being authorized by Title 42 of the United States Code, §1983.



### III. Parties

3.    Plaintiffs  RICHARD H. YOUNG and MELVIE GOLDSBY are African-American adult citizens and registered voters of Ouachita Parish, Louisiana.  Plaintiffs desire to participate in the electoral and political process and to have their votes counted and be represented portionately with white citizens of Ouachita Parish.

4.    Defendant OUACHITA PARISH SCHOOL BOARD is a body corporate and politic and political subdivision of the State of Louisiana, duly established under the laws and constitution of said State.  It has policy making and administrative responsibilities of the Ouachita Parish School System and has the power of suing and being sued in its owing name.

5.    Defendants DR. BOB WEBBER, JACK WHITE, SCOTT ROBINSON, A. R. SIMS, JERRY R. HICKS, JOHN RUSSELL, CAREY WALKER and GREG MANLEY are the superintendent and board members respectively of the OUACHITA PARISH SCHOOL BOARD.  They are sued in their official capacities only.

6.    Defendant, CHRISTA MEDARIES, is the Registrar of Voters for Ouachita Parish, Louisiana and is being sued only in her official capacity.  She is responsible for conducting elections in Ouachita Parish.

7.    At  all times set out herein, defendants were and have been acting under color of the statutes, ordinances, regulations, customs and usages of the State of Louisiana and Ouachita Parish.

### IV. Facts

8.    According to the 2002 United States Census of Population, the total number  of registered voters in  Ouachita Parish is 95,414, of which 63,947 are white and 28,815 are African American.

9.    African-Americans constitute thirty per cent of the population of Ouachita Parish but are

afforded one-eighth of representation.

10.     African-Americans are mal-appropriated and under-represented on the Ouachita Parish School Board.

11.     African-Americans constitute a minority of registered voters in Ouachita Parish  even though the number of African-American registered voters has increased.

12.     The OUACHITA PARISH SCHOOL BOARD is composed of seven districts.  Terms of office are four years.  Elections are partisan and candidates must receive a majority of the votes in the primary in order to run in the general election.

13.     There has been a history of official discrimination against African-Americans in Ouachita Parish, including discrimination against African-Americans attempting to exercise their rights to the franchise.

14.     Elections in Ouachita Parish are polarized along racial lines.

15.     The OUACHITA PARISH SCHOOL BOARD has used, and continues to use, voting procedures such as majority vote, residency districts and staggered terms which enhance the opportunity for discrimination against minorities.

16.     The political processes leading to election in Ouachita Parish are not equally open to participation by African-Americans, in that African-Americans have less opportunity than other members of the electorate to participate in the political process and to elect candidates of their choice.

17.     The African-American population in Ouachita Parish is sufficiently compact and geographically insular to constitute a majority in one of the seven single-member districts and substantial influence in several other districts.

18.  The African-American vote is further diluted and influence reduced when the eight member plan was adopted to which African-American voters object.

19.     African-Americans in Ouachita Parish bear the effects of discrimination in such areas as education, employment and health, which hinder their ability to participate effectively in the political process.

20.     In the entire history the OUACHITA PARISH SCHOOL BOARD, there has been only one majority African-American district in which one African-American was elected and in which one African-American is presently elected.

21.     On January 17, 2002, the OUACHITA PARISH SCHOOL BOARD adopted a redistricting plan which increased the number of members from seven to eight.  The plan maintained the one minority district previously had under the 1990 census.   This increase further dilutes African-American voting strength, results in a reduction of representation and is therefore retrogressive with only one African-American school board member.

22.     On January 17, 2002, the lone minority school board member offered a substitute motion that the Board approve Reapportionment Plan No. 13 which included a seven-member district with a seventy (70%) percent minority voting district.  The motion failed, with four (4) "no" votes and three (3) "yes" votes.

23.     The current proposed plan, which dilutes minority voting strength,  was adopted with four (4) "yes" votes and three (3) "no" votes.  Several white school board members agreed that the adopted eight member plan diluted minority voting strength.

24.     The purpose and result of having eight members for the OUACHITA PARISH SCHOOL BOARD is to deny or abridge the right of African-Americans to vote on account of race or color.  The result is the dilution of minority voting strength, in violation of the 1965 Voting Rights Act and the 15th Amendment to the United States Constitution, and a denial of Equal Protection as guaranteed by the 14th Amendment to the United States Constitution.

25.     The next primary elections for the OUACHITA PARISH SCHOOL BOARD is scheduled

for October 5, 2002.   The next general elections are scheduled for November 5, 2002. Qualifying for the October 5, 2002 election begins August 21, 2002.

## V. Causes of Action

26.     The increase of the OUACHITA PARISH SCHOOL BOARD from seven members to eight members, with only one minority district, results in the denial or abridgment of the right of Plaintiffs to vote on account of race or color in violation of §2 of the Voting Rights Act of 1965, 41 U. S. C. § 1973, and these election structures were adopted and are being maintained purposefully to dilute, minimize and cancel out the voting strength of African-Americans in violation of the rights of Plaintiffs secured by the Fourteenth and Fifteenth Amendments of the Constitution of the United States, and § 2 of the Voting Rights Act of 1965, 42 U. S. C. §1973.

## VI. Equitable Relief

27.     There is a real and actual controversy between the parties.   Plaintiffs have no adequate remedy at law other than this action for injunction and declaratory relief.   Plaintiffs are suffering irreparable injury as a result of the acts of Defendants complained of herein and the injury will continue unless declared to be unlawful and enjoined by this Court.

WHEREFORE, Plaintiffs respectfully pray that this Court take jurisdiction of this case and:

(1) enter a declaratory judgment that the present method and plan of and for electing the members of the OUACHITA PARISH SCHOOL BOARD, is in violation of the Fourteenth and Fifteenth Amendments to the United States Constitution and § 2 of the Voting Rights Act of 1965, 42 U. S. C. § 1973, and enter a permanent injunction directed to the defendants against its further use;

(2) enjoin the qualifying period which begins August 21, 2002 and the primary election set for October 5, 2002;

(3) order into effect new procedures or plans for election of the OUACHITA PARISH

SCHOOL BOARD, which provide Plaintiffs a remedy for the violation of their rights described above;

(4) award Plaintiffs the costs and expense of this action together with their reasonable attorney's fees; and

(5) retain jurisdiction of this action and grant to Plaintiffs any further relief which may, in the discretion of this Court, be necessary and proper to insure that racially fair election procedures are employed in the selection of the OUACHITA PARISH SCHOOL BOARD;

(6) set a hearing on plaintiffs' petition prior to the date set for qualifying for the October 5, 2002 primary election.

Respectfully submitted,

CHARLES D. JONES
141 Desiard Street, Ste. 315
Monroe, LA 71201
318/325-2644
Bar Roll No.  07476

VERIFICATION

STATE OF LOUISIANA

PARISH OF OUACHITA

BEFORE ME, the undersigned Notary Public in and for the State and Parish aforestated,

PERSONALLY CAME AND APPEARED:   RICHARD H. YOUNG  who, after being duly sworn, did state as follows:

That he is the petitioner in the above and foregoing petition; that he has read same and all allegations of fact contained therein are true and correct to the best of his information, knowledge and belief.

_____
RICHARD H. YOUNG

SWORN TO AND SUBSCRIBED before me this __19__ day of July,  2002.

_____
NOTARY PUBLIC

## VERIFICATION

STATE OF LOUISIANA

PARISH OF OUACHITA

BEFORE ME, the undersigned Notary Public in and for the State and Parish aforestated,

PERSONALLY CAME AND APPEARED:   MELVIE GOLDSBY, who, after being duly sworn, did state as follows:

That she is a petitioner in the above and foregoing petition; that she has read same and all allegations of fact contained therein are true and correct to the best of her information, knowledge and belief.

_Mebrie Goldsby_
MELVIE GOLDSBY


SWORN TO AND SUBSCRIBED before me this _25_ day of July,   2002.

_Martha E. Tribble_
NOTARY PUBLIC